1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AMANDA U. LEVY,

11              Plaintiff,                           No. 2:13-cv-1412-TLN-EFB PS

12        vs.

13   PALM SPRINGS PUBLIC LIBRARY,
                                                     ORDER AND
14              Defendant.                           FINDINGS AND RECOMMENDATIONS

15   _____/

16        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

19   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the

20   request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

21        Determining plaintiff may proceed *in forma pauperis* does not complete the required

22   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

23   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

24   state a claim on which relief may be granted, or seeks monetary relief against an immune

25   defendant.

26   /////

                                                 1

1      Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3  it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8  relief above the speculative level on the assumption that all of the complaint's allegations are

9  true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12      In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21      Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

23  *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

25  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

1   (3) be authorized by a federal statute that both regulates a specific subject matter and confers

2   federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

3   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

4   matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

5   *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction

6   of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of

7   subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*

8   *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

9          Plaintiff, who is Nigerian-American, alleges that on or before June 21, 2013, one of

10  defendant's female librarians and a male security guard "bullied her, defamed her, falsely

11  imprisoned her, ousted her, and discriminated against her when [she] told them she was studying

12  for her BAR exam." Compl., Dckt. No. 1, at 2. Plaintiff alleges that she "appeared with her

13  over-sized luggage." *Id.* She contends that she "sustained neck injuries" due to the trauma. *Id.*

14  Plaintiff adds that she "would like to be compensated for bullying, defamation, emotional

15  distress, false imprisonment, humiliation, discrimination, and police brutality based upon

16  national origin and disability for ten million dollars." *Id.* Plaintiff contends that this court has

17  diversity jurisdiction and federal question jurisdiction since defendant violated 42 U.S.C. § 1983

18  and the Civil Rights Act, 42 U.S.C. § 2000a. *Id.* at 1-2.

19         It does not appear from plaintiff's complaint that this court has subject matter jurisdiction

20  over plaintiff's claim(s). Plaintiff contends that this court has diversity jurisdiction pursuant to

21  28 U.S.C. § 1332, but she does not establish the citizenship of either plaintiff or defendant.

22         Nor is it clear how the facts alleged in the complaint would give rise to a federal claim.

23  To the extent plaintiff purports to state a claim under 42 U.S.C. § 2000a (Title II of the Civil

24  Rights Act of 1964), that claim fails because plaintiff has not alleged that she was denied full and

25  equal enjoyment of defendant's "goods, services, facilities, privileges, advantages, and

26  accommodations" due to discrimination based on her race, color, religion, or national origin. *See*

3

1    42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods,

2    services, facilities, privileges, advantages, and accommodations of any place of public

3    accommodation, as defined in this section, without discrimination or segregation on the ground

4    of race, color, religion, or national origin.").  Although plaintiff states in a conclusory manner

5    that she was discriminated against on the basis of her national origin, she has not alleged any

6    facts that would demonstrate that such a claim is plausible on its face.

7           Also, to the extent plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must be

8    dismissed because plaintiff fails to identify the constitutional rights that defendant allegedly

9    violated, and she fails to explain how defendant's actions resulted in the deprivation of any

10   constitutional right.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983,

11   plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that

12   the violation was committed by a person acting under the color of state law).

13          Moreover, the court notes that this complaint appears to be one of several hundred

14   frivolous complaints that plaintiff has filed all over the country.  *See Ajuluchuku-Levy v.*

15   *Schleifer,* 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the

16   United States district courts reveals that as of the date of this Order, Plaintiff has commenced

17   two hundred fifty-eight (258) actions in various district courts across the United States.  Several

18   district courts have noted that "the 'overwhelming majority' of cases filed by plaintiff have been

19   totally without merit.") (quoting *Ajuluchuku v. Southern New England School of Law*, 2006 WL

20   2661232, at *3 (N.D. Ga. Sep. 14, 2006)).  In light of plaintiff's frivolous allegations herein, as

21   well as her history of filing frivolous actions containing many of the same allegations, the court

22   will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. §

23   1915(e)(2).  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily

24   would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears

25   amendment would be futile).

26   /////

4

1      Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in

2  forma pauperis, Dckt. No. 2, is granted.

3      IT IS FURTHER RECOMMENDED that:

4      1.  Plaintiff's complaint be dismissed without leave to amend; and

5      2.  The Clerk be directed to close this case.

6      These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

12  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13  Dated:  July 17, 2013.

14  _____

       EDMUND F. BRENNAN
15     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

5